**Russell YATES**

v.

**A.T. WALL et al.**

Nos. 2004–284–Appeal, 2004–289–M.P.

Supreme Court of Rhode Island.

June 30, 2009.

Aaron L. Weisman, Department of Attorney General.

Marie T. Roebuck, Office of Public Defender.

## ORDER

The applicant, Russell Yates, appeals from the denial of his application for post-conviction relief. On appeal, the applicant challenges the constitutional authority of the Superior Court magistrate to preside at the postconviction-relief hearing. He further contends that the magistrate improperly refused to recuse himself due to his bias against the applicant, and that the magistrate erred in denying the applicant's motion for default judgment. For the reasons hereinafter stated, the applicant's appeal is denied.

On December 21, 1989, applicant pleaded nolo contendere to an eleven-count indictment[1] for which he was sentenced to a term of twenty-five years, with twelve years to serve at the Adult Correctional Institutions (ACI) and the balance suspended, with probation. On March 11, 2000, he was charged with a misdemeanor larceny offense and was presented as a violator shortly thereafter. On May 31, 2000, applicant admitted to violating the terms of his probation, and the violation-hearing justice removed four months of his suspended sentence, giving applicant credit for time that he had been held in custody on the underlying charge.

On October 29, 2002, the state filed another violation report against applicant pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure, based upon a police report indicating that on

---

1. The charges included racketeering, violating state narcotics laws, carrying a pistol without a license, and altering markings on a firearm.

October 28, 2002, he had been charged with first-degree robbery and two counts of assault with a device similar to a firearm. On July 30, 2003, before the probation violation was adjudicated, applicant filed a *pro se* application for postconviction relief, alleging, *inter alia*, that the violation report filed by the state incorrectly referenced applicant's original sentence as twenty-five years, with twelve years, four months to serve and twelve years, eight months suspended, rather than twelve years to serve and thirteen years suspended. From this, he apparently deduced that the sentence imposed on May 31, 2000, had altered the original sentence and was, therefore, an illegal sentence. He sought to have the "remaining 12 years and 8 months vacated."

On September 29, 2003, applicant filed a motion for default judgment against the state for its failure to answer his application for postconviction relief. Eventually all pending matters were assigned to a magistrate, who was acting pursuant to the authority conferred upon him by the Chief Justice under G.L. 1956 § 8–15–33.1.[2] After several hearings, the magistrate denied both the application for postconviction relief and the motion for default judgment. The magistrate then proceeded to address the probation-violation allegation. On October 5, 2004, the magistrate found applicant to have violated his probation and ordered him to serve twelve years and eight months at the ACI. On November 7, 2007, applicant entered a guilty plea to an amended charge of second-degree robbery, and was sentenced to twenty years, with thirteen years to serve retroactive to October 28, 2002.

The applicant's appeals were argued before this Court on March 3, 2009. On May 7, 2009, we issued an order denying his appeal from the probation violation judgment of conviction on grounds of mootness and remanding the postconviction-relief record for entry of a judgment. A judgment was entered on May 14, 2009, and we now proceed to decide the appeal.

It is difficult to discern the crux of applicant's argument from the face of the application for postconviction relief itself. The applicant's appellate counsel summarizes his contention as follows:

"In 1988, [applicant] was sentenced to twenty-five years, twelve years to serve, thirteen years suspended/probation, retroactive to July 27, 1988. When [applicant] was presented as a violator in this matter, the 32(f) notice reflected a different sentence which [applicant] disputed and he filed an application for postconviction relief challenging the sentence of twelve years and eight months that the state was seeking to remove. Apparently, on May 31, 2000, [applicant] appeared before [the violation hearing justice] and admitted to violating the terms and conditions of his probation based upon a misdemeanor larceny charge to which he entered a plea of nolo contendere on the same date. During the proceeding admitting to violation before [the violation hearing justice], counsel for [applicant] requested that he

---

**2.** At the time, G.L. 1956 § 8–15–3.1 provided: "The Chief justice of the supreme court has the power to assign any magistrate of the superior court, family court, and/or district court to any court of the unified judicial system with the consent of the presiding justice and/or chief judge of the relevant courts in the same manner as a judge may be assigned pursuant to chapter 15 of this title. When a magistrate is so assigned, he or she shall be vested, authorized, and empowered with all the powers belonging to the justices and/or magistrates of the court to which he or she is specially assigned." Section 8–15–3.1 has since been amended to eliminate the Chief Justice's authority to vest a magistrate with the powers of a justice. *See* P.L. 2007, ch. 73, art. 3, § 10.

be given credit for the one year that he had been in custody, to which the state had no objection, and he was ordered to serve four months concurrent to the twelve year sentence that he was still serving (presumably as a parole violator). In effect, according to the transcript and the Judgment of Conviction, it appears that [the violation hearing justice] illegally changed the original sentence, as [applicant] contends in his application, by illegally converting the original sentence imposed in 1988 (twenty-five years, twelve to serve, thirteen suspended/probation) to a sentence of twelve years and four months to serve and twelve years, eight months suspended/probation * * *."

We first observe that, to the extent applicant is substantively challenging on appeal the denial of his application for postconviction relief, his argument is utterly without merit. We have reviewed the transcript of the May 31, 2000 sentencing hearing and find no suggestion that the violation hearing justice attempted to alter in any manner the original sentence. He "ordered that four months of the suspended sentence be removed and [applicant] be ordered to serve that four months" with credit for time served on the underlying charge. The applicant's principal arguments on appeal, rather, are that the magistrate who presided over the postconviction-relief hearing (1) lacked the constitutional authority to do so, (2) erred by failing to recuse himself from the proceedings, and (3) erred in denying applicant's motion for default judgment.

We need not address applicant's constitutional challenge to the magistrate's authority in the context of this case because it is clear to us that applicant has failed to preserve this issue. A review of the trial transcripts reveals that at several points applicant challenged the statutory authori-

ty of the magistrate to hear both the probation violation and postconviction-relief matters. At no point, however, did he even suggest the existence of a constitutional infirmity in the magistrate's authority. Now applicant argues, for the first time on appeal, that former § 8–15–3.1 allowed for the creation of "de facto judgeships" in violation of article 10, section 4, of the Rhode Island Constitution's requirement that the Governor "fill any vacancy of any judge of the Rhode Island Superior Court."

We recently have held that a defendant who for the first time on appeal sought to challenge the constitutionality of a magistrate's statutory authorization, had "lost the opportunity to pursue that challenge in this Court [because] he did not bring it to the attention of the court below." *State v. Bouffard*, 945 A.2d 305, 311 (R.I.2008); *see State v. Bido*, 941 A.2d 822, 828–29 (R.I. 2008) ("raise or waive" rule generally precludes this Court from considering on appeal issues that have not been properly presented before the trial court). Accordingly, applicant has waived his constitutional challenge by failing to raise it at the trial level.

Next, applicant contends that the magistrate erred by not recusing himself from these proceedings after applicant had filed a lien against his property. According to applicant, he informed the magistrate about the lien on September 13, 2004, and then on September 17, 2004, the magistrate denied both the motion for default judgment and application for postconviction relief. Our review of the record shows that the magistrate advised applicant that he would refer the lien matter to the Attorney General and state police. He added that one who slanders title may be held liable civilly and perhaps criminally and that he would continue the matters to research further what action might be ap-

propriate.[3] After reviewing the record, however, we reject applicant's contention that "the magistrate's sarcastic, hostile and clearly biased comments and treatment of [applicant] rendered these proceedings fundamentally unfair" and "that the magistrate's only 'state of mind' was consumed with bias and prejudice." We have stated that "[w]hen a defendant alleges judicial bias, he 'carries a substantial burden of proof to show that the asserted prejudice impaired the fairness of the trial.'" *State v. Lyons*, 924 A.2d 756, 763 (R.I.2007) (quoting *In re Shawn B.*, 864 A.2d 621, 624 (R.I.2005)). The applicant has not met that burden here.

Finally, the applicant maintains that the magistrate erred in denying his motion for a default judgment for failure of the state to file a timely response to his application for postconviction relief. We have never considered whether Rule 55 of the Superior Court Rules of Civil Procedure, governing default, may be applied to postconviction-relief matters, and we need not do so here. The magistrate accepted the state's

contention that it did not answer the applicant's postconviction-relief motion because there had not been proper service of process. The magistrate found that the record "contains no certification nor does it contain any service of process upon any of the parties." In the absence of proper service of process, therefore, we need not reach the question of whether default judgments are appropriate in the context of an application for postconviction relief. We are satisfied that the magistrate did not abuse his discretion in denying the applicant's motion for a default judgment.

For the reasons set forth in this order, the applicant's appeal is denied. The record of the case shall be remanded to the Superior Court.

---

**3.** On September 20, 2004, the Attorney General did file an action seeking to declare the lien null and void, which the Superior Court granted on November 17, 2004.