June 14, 2018

Sean McKenna et al.                  :

v.                  :

William R. Guglietta, in his capacity as          :
magistrate of the Rhode Island Traffic
Tribunal, et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Sean McKenna et al.        :

v.        :

William R. Guglietta, in his capacity as        :
magistrate of the Rhode Island Traffic
Tribunal, et al.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.** The plaintiffs appeal from a May 16, 2014 order of the Superior Court dismissing their second amended complaint with prejudice and a judgment of the same date in favor of defendants.[1] This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the written and oral submissions of the parties, we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

---

[1] The plaintiffs in the instant case, as delineated in the Second Amended Complaint, are: Sean McKenna, Christopher McKenna, Michele Ormerod, Maureen Brumbaugh, Steven Murray, Francisco Espinal, Phyliss Stafford, April Caplinger, Amanda Couture, Faith Torres, John Paiva, Joseph Payette, Kara Berker, Tasha Pabon, James Eche, Nicholas Moran, Eugenio Simas, Joseph McKenna, Brittney Manzi, Charles Picerno a/k/a Charles Barrowdough III, Robert Rigdon, Tod McKinley, Ward McKenna, Charlotte Nehme, and Lynn Iovino.

The defendants, as delineated in the Second Amended Complaint, are:  William R. Guglietta, Alan Goulart, R. David Cruise, Domenic A. DiSandro III, William T. Noonan, Joseph Abate, Lillian M. Almeida, and Edward C. Parker (all in their capacities as either judicially or legislatively appointed magistrates of the Rhode Island Traffic Tribunal), as well as Gina Raimondo, in her former official capacity as the Treasurer of the State of Rhode Island.

# I

# Facts and Travel

On January 10, 2014, plaintiffs filed a second amended complaint[2] in Superior Court challenging the constitutionality of the statutory system for appointing magistrates to the Rhode Island Traffic Tribunal (Traffic Tribunal) and claiming that plaintiffs were due a refund of fines and costs that had previously been assessed by the Traffic Tribunal on the theory that, as a result of defendants' unconstitutional conduct, defendants had been unjustly enriched by levying those fines. In that complaint, plaintiffs alleged that they were residents of Rhode Island who had "had controversies which [had] been adjudicated before the R.I. Traffic Tribunal since 1999, [and had] been forced to pay fines and costs imposed by the putative Defendants and their predecessors." The complaint also alleged that defendants "lack[ed] judicial power to levy fines" because their appointments to the Traffic Tribunal "ha[d] not been approved by the R.I. Judicial Nominating Commission and a Governor * * *." The plaintiffs averred that "[t]he unconstitutional actions of Defendants levying fines have unjustly enriched the R.I. Treasury" and that "[t]he State Treasurer holds those illegal fines in trust to be repaid to the Plaintiffs * * *."

On February 28, 2014, defendants moved to dismiss plaintiffs' second amended complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Superior Court Rules of Civil Procedure, arguing that that complaint was "substantively identical" to the two previous complaints, both of which, defendants argued, had been dismissed without prejudice for failure to "articulate a case in controversy." At the May 13, 2014 hearing on defendants' motion to dismiss, defendants contended that "[t]he State defendants still do not have basic information from the

---

[2] The plaintiffs' original complaint (filed on April 11, 2013) was dismissed without prejudice on June 25, 2013. The plaintiffs' first amended complaint (filed on August 30, 2013) was passed without prejudice in an order that was entered on December 16, 2013.

complaint which would allow them to frame any type of responsive pleading"—such as "what is the harm and when did the plaintiff[s] suffer from it."

At the conclusion of the hearing, the hearing justice issued a bench decision, in which he first assessed the sufficiency of the allegations contained in the second amended complaint pertaining to plaintiffs' challenge to the constitutionality of the system for appointing magistrates to the Traffic Tribunal. The hearing justice, referring to the earlier proceedings before the Traffic Tribunal, observed that "[t]he Supreme Court has said in the past that a party wishing to challenge the authority of a magistrate should do so *at the outset of his or her case* and continue to press the issue throughout." (Emphasis added.) The hearing justice noted that the second amended complaint failed to allege "whether [plaintiffs] are presently subject to the jurisdiction of the Traffic Tribunal or whether they have matters pending before the Traffic Tribunal or whether [plaintiffs] raised constitutional issues while before the Traffic Tribunal." He further stated that the second amended complaint "specifically [did] not indicate * * * the travel of the cases where the alleged illegal or unconstitutionally-imposed fines applie[d] to each of these 24 plaintiffs."

The hearing justice next addressed the allegations in the second amended complaint pertaining to plaintiffs' unjust enrichment claim. He concluded that said complaint did not plead sufficient facts to support a claim for unjust enrichment in view of his determination that:

> "The second amended complaint does not plead sufficient facts to recover previously-paid traffic fines or fines imposed by members of the Traffic Tribunal. Specificity is woefully lacking * * * as to whether facts have been pled here by any of the 24 plaintiffs that would, under any set of circumstances that could be proved, make this complaint -- the second amended complaint sufficient in terms of pleading unjust enrichment."

- 3 -

Accordingly, an order entered on May 16, 2014, granting defendants' motion to dismiss plaintiffs' second amended complaint with prejudice.[3] A judgment entered in favor of all defendants on that same date. The plaintiffs timely appealed.

## II

## Standard of Review

"When we review the grant of a motion to dismiss pursuant to Rule 12(b)(6), we apply the same standard as the hearing justice." *Tri-Town Construction Co., Inc. v. Commerce Park Associates 12, LLC*, 139 A.3d 467, 478 (R.I. 2016). "In reviewing a hearing justice's decision with respect to a Rule 12(b)(6) motion to dismiss, this Court examines the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff." *Palazzo v. Alves*, 944 A.2d 144, 149 (R.I. 2008). Dismissal is appropriate "when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Id.* at 149-50.

## III

## Analysis

We note initially that, during oral argument before this Court, counsel for plaintiffs, with laudable candor, conceded that he had not been able to obtain or locate any records, either directly from plaintiffs or through his own research, showing that any of the plaintiffs had, in fact, had any violations adjudicated before the Traffic Tribunal. In addition, counsel acknowledged that only three plaintiffs remained actively involved in the case because, in preparing for his appellate argument, he had been unable to make contact with the other twenty-two plaintiffs named in the second amended complaint.

---

[3] We infer from the record that said dismissal was premised on Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.

With respect to plaintiffs' constitutional claim, this Court has previously stated that a challenge to the constitutional authority of a magistrate is subject to our stringent raise-or-waive rule such that claimants must raise their arguments challenging the authority of the magistrate to act in the original proceeding before that magistrate. *See Gordon v. State*, 18 A.3d 467, 474 (R.I. 2011) ("We need not * * * address this constitutional challenge to the magistrate's authority because it is clear to us that applicant has failed to preserve the issue for appellate review."); *Yates v. Wall*, 973 A.2d 621, 623 (R.I. 2009) (mem.) (concluding that an applicant for postconviction relief had lost the opportunity to challenge "the constitutionality of a magistrate's statutory authorization" by "failing to raise [that issue] at the trial level"); *State v. Bouffard*, 945 A.2d 305, 311 (R.I. 2008) ("It is undisputed that the magistrate was statutorily authorized to preside over the * * * hearing. What defendant has belatedly sought to challenge is the constitutionality of that statutory authorization. However, pursuant to our raise-or-waive rule, defendant has lost the opportunity to pursue that challenge in this Court since he did not bring it to the attention of the court below.") (footnotes omitted).

As the hearing justice correctly noted, the second amended complaint does not allege any facts specifying that plaintiffs brought their constitutional challenges to the attention of the presiding Traffic Tribunal magistrates during their proceedings in that tribunal. As such, we are of the opinion that plaintiffs' second amended complaint fails to state a viable claim for relief as to that issue. *See Gordon*, 18 A.3d at 474; *Yates*, 973 A.2d at 623.

With respect to plaintiffs' claim for unjust enrichment, we are of the opinion that the second amended complaint fails to allege the facts necessary to support that claim. Other than supplying plaintiffs' names and the allegation that they paid fines to the Traffic Tribunal, the complaint is devoid of the facts that would be necessary to establish a claim for unjust enrichment. Moreover, counsel for plaintiffs conceded that he had not been able to obtain necessary

information, either directly from plaintiffs or through his own research, relative to plaintiffs' adjudications before the Traffic Tribunal, including whether plaintiffs had paid fines to the Traffic Tribunal and, if so, in what amounts. This concession demonstrates that plaintiffs have been unable to allege facts sufficient to support the first element of their claim for unjust enrichment—*i.e.*, proof that plaintiffs "conferred a benefit upon the party from whom relief is sought * * *." *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 113 (R.I. 2005); *see also Bouchard v. Price*, 694 A.2d 670, 673 (R.I. 1997) ("[I]n order to recover * * * for unjust enrichment, a plaintiff is required to prove three elements:  (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.") (internal quotation marks omitted). As such, in our view, it is "clear beyond a reasonable doubt" that plaintiffs "would not be entitled to relief from the defendant[s]" with respect to their claim for unjust enrichment, in light of the admission that there are not sufficient facts to support that claim. *Palazzo*, 944 A.2d at 149-50.

Accordingly, we perceive no error in the hearing justice's dismissal of the plaintiffs' second amended complaint with prejudice.

## IV

## Conclusion

For the foregoing reasons, we affirm the order and judgment of the Superior Court. The record may be returned to that tribunal.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Sean McKenna et al. v. William R. Guglietta, in his capacity as magistrate of the Rhode Island Traffic Tribunal, et al. |
| **Case Number** | No. 2017-112-Appeal. (PC 13-1716) |
| **Date Opinion Filed** | June 14, 2018 |
| **Justices** | Suttell, C.J. Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Joseph A. Montalbano |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>William P. Tocco, III, Esq.<br><br>For Defendants:<br><br>Sean Lyness, Esq.<br><br>Michael W. Field<br>Assistant Attorney General<br><br>Ariele Yaffee<br>Special Assistant Attorney General |