June 21, 2019

**Supreme Court**

No. 2016-119-Appeal.
(PM 13-5062)

Richard DiCarlo                    :

v.                    :

State of Rhode Island.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Richard DiCarlo          :

v.          :

State of Rhode Island.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on April 3, 2019, on appeal by the petitioner, Richard DiCarlo (petitioner or DiCarlo), from a Superior Court judgment in favor of the state, following a written decision denying the petitioner's appeal from a decision of a Drug Court magistrate upholding a determination by the Sex Offender Board of Review (the board) classifying him as a Level II, moderate-risk, sex offender under G.L. 1956 chapter 37.1 of title 11, the Sexual Offender Registration and Community Notification Act (the act).  According to the petitioner, the objective risk-assessment tools employed by the board indicated a classification at a low-risk level, and not a moderate-risk Level II.  On appeal, the petitioner argues that, in determining his classification level, the board violated his rights to due process, to the presumption of innocence, and to be spared from double jeopardy, by relying on alleged impermissible hearsay allegations for conduct of which he was acquitted.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Travel**

On or about May 26, 2006, petitioner was indicted on two counts of first-degree child molestation sexual assault, three counts of second-degree child molestation sexual assault, and

one count of third-degree sexual assault. *See State v. DiCarlo*, 987 A.2d 867, 868 (R.I. 2010). On July 30, 2007, following a jury trial, petitioner was acquitted of the counts charging first-degree child molestation, and the state dismissed the third-degree sexual assault count pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure; but, petitioner was convicted on all three counts of second-degree child molestation sexual assault. He was sentenced to three concurrent terms of twenty years' imprisonment at the Adult Correctional Institutions, with eight years to serve and twelve years suspended, with probation.[1] *See id.* at 869, 870.

Upon his release from prison, as a consequence of his sexual assault conviction, petitioner was required to register as a sex offender in accordance with the act, in particular, § 11-37.1-3. In determining petitioner's risk-level classification and the nature and extent of notification to the community, the board reviewed relevant records and information and assessed petitioner's risk of reoffense, pursuant to § 11-37.1-6. As part of the risk-assessment process, the board utilized the STATIC-99 R, STATIC 2002, and STABLE 2007 tests, which are recognized as validated risk-assessment tools, and it concluded that petitioner fell in the low-risk range. In addition to these assessment tools, the board, as set forth in § 11-37.1-6, considered "any reports and documentation that may be helpful" in making its assessment, including petitioner's criminal record, treatment information, and institutional, probation, and parole supervision, as well as the mandatory "Sex Offender Risk of Re-Offense Assessment Factors" included in the Rhode Island Parole Board Sexual Offender Community Notification Guidelines. Although the risk-

---

[1] This Court subsequently affirmed the Superior Court's judgment. *State v. DiCarlo*, 987 A.2d 867, 873 (R.I. 2010).

assessment scores had placed petitioner in a low-risk category, the board nonetheless recommended that petitioner be classified as a moderate-risk Level II offender.[2]

The petitioner timely objected to the Level II classification and requested a hearing to review the classification, under § 11-37.1-14. Counsel was appointed. The petitioner challenged the assessment factors that the board relied upon in determining his risk of reoffending. Specifically, petitioner claimed that the board erred and abused its discretion in finding that petitioner's denial of responsibility, his refusal to participate in sex-offender treatment, and an inability to maintain a significant relationship—because he was incarcerated—indicated an increased risk of reoffense. Additionally, petitioner argued that the board improperly relied on insufficient evidence in reaching its conclusion that petitioner presented a moderate risk of reoffending because the risk-assessment results were not accurately reflective of petitioner's "true risk of re[]offending" because the board "didn't take proper consideration of what the results were showing them."

On February 4, 2014, oral arguments were heard before a Superior Court Drug Court magistrate.[3] Neither party examined petitioner, nor did they present any witnesses or other evidence. Although the magistrate advised petitioner that he was "entitled to a meaningful

---

[2] The board issued a seven-page risk-assessment report concerning petitioner. Less than half of the report concerned petitioner specifically; the remainder of the report consisted of a generic description of the risk-assessment instrument that the board used to determine petitioner's risk of reoffense. We note that, although the board's report could have been more comprehensive, the remedial course of action is a hearing before a Superior Court magistrate, pursuant to G.L. 1956 § 8-2-39.2(f), which petitioner was granted. Accordingly, petitioner, having been represented by court-appointed counsel, was afforded the opportunity to present additional argument and evidence.

[3] Pursuant to § 8-2-39.2(f), "[t]he drug court magistrate shall be empowered to hear and decide as a [S]uperior [C]ourt justice all matters that may come before the [S]uperior [C]ourt pursuant to chapter 37.1 of title 11[,]" entitled "sexual offender registration and community notification."

hearing" and could "call witnesses, present any evidence [and] exhibits," petitioner's counsel informed the magistrate that, after conferring with petitioner, "we are going to rely on my memo, and I will proceed with highlighting some of my memo an[d] attached exhibits."

Conversely, it was the state's position at the hearing that, although the board—as directed by statute—considered the three validated risk-assessment tools, the board is not obligated to confine its analysis to the risk-assessment tools when recommending a classification, but can consider other information in reaching its decision.

In a decision rendered from the bench, the magistrate found that the state established a prima facie case based on the validated risk-assessment tools and, further, that reasonable means were used to collect the information. The magistrate, citing to § 11-37.1-6(b), also noted that that "provision makes clear that the scores on the test alone do not determine or mandate the level the person receives[,]" thus, "[a] prudent evaluator will always consider other external factors which may influence risk in either direction" (quoting *State v. Germane*, 971 A.2d 555, 585 (R.I. 2009)); and here, "the factors considered and documented by the [b]oard are the factors set forth in the guidelines." Having determined that petitioner failed to show that the board's assessment was not in compliance with the act, the magistrate affirmed the board's classification of petitioner as a risk Level II sex offender. The petitioner subsequently filed an appeal to a justice of the Superior Court.[4]

---

[4] Pursuant to § 8-2-39.2(j):

> "A party aggrieved by an order entered by the drug court magistrate shall be entitled to a review of the order by a justice of the [S]uperior [C]ourt. Unless otherwise provided in the rules of procedure of the court, such review shall be on the record and appellate in nature. The [S]uperior [C]ourt shall, by rules of procedure, establish procedures for reviews of orders entered by a

At a subsequent hearing on petitioner's motions to proceed *in forma pauperis* and for court-appointed counsel, the magistrate, after reiterating petitioner's entitlement to a meaningful hearing, explicitly asked petitioner's counsel: "Is there a legal issue that was not mentioned?" The petitioner's counsel responded: "I don't believe my client is suggesting that he did not receive a meaningful hearing." Counsel also stated that she believed that petitioner's "argument on appeal would be that the continued arguments made in the memo that some of the factors considered by the [b]oard confirmed by this [c]ourt were either inappropriate or inaccurate in his particular case[.]"

In support of his appeal from the magistrate's decision affirming his classification as a Level II offender, petitioner, in a written memorandum submitted to a justice of the Superior Court, challenged whether the board "used reasonable means in collecting the information supporting" the classification; contested "the validity of information [that the board] used in compiling the 'additional factors'"; and objected to the calculation of the risk-assessment tool "STABLE 2007." The petitioner, for the first time, challenged the board's reference to police reports summarizing the victim's allegations that petitioner committed acts of first-degree child molestation sexual assault, of which he was acquitted. The petitioner further asserted that because "he is not allowed to re-litigate his guilt[,] * * * he must be given the benefit of the presumption of innocence and those factors supporting first degree sexual assault cannot and should not be considered in his computation." Notably, at the hearing before the Superior Court justice, petitioner's counsel never explicitly asserted that petitioner's constitutional right to due process was violated.

drug court magistrate, and for enforcement of contempt adjudications of a drug court magistrate."

The Superior Court justice issued a forty-six-page written decision denying petitioner's appeal and affirming the decision of the Drug Court magistrate. In her decision, the Superior Court justice noted that the act "permits the use of such hearsay, and the Drug Court Magistrate adhered to the legislatively mandated standard of review." The petitioner timely appealed to this Court.

**Standard of Review**

"General Laws 1956 §§ 8-2-11.1(e) and 8-2-39(f) provide that final orders of the Superior Court entered in a proceeding to review an order of a magistrate may be appealed to the Supreme Court." *State v. Rosenbaum*, 114 A.3d 76, 80 (R.I. 2015). "On appeal, this Court will not disturb the factual determinations of the Superior Court justice unless he or she made clearly erroneous findings or misconceived or overlooked material evidence." *Id.* "Furthermore, we shall 'accord great weight to a hearing justice's determinations of credibility, which, inherently, are the functions of the trial court and not the functions of the appellate court.'" *Id.* (brackets omitted) (quoting *Wilby v. Savoie*, 86 A.3d 362, 372 (R.I. 2014)). "We will, however, review questions of law *de novo*." *Id.* (quoting *Wilby*, 86 A.3d at 372).

**I**

**Due Process**

Before this Court, petitioner alleges a violation of his due-process rights under the United States and Rhode Island Constitutions because the board, when determining his classification level, relied on impermissible hearsay allegations concerning criminal acts of which petitioner was acquitted. In support of this argument, petitioner asserts that "[t]hese violations stem from the [board's] placing [petitioner] at a higher risk level than warranted based solely upon

underlying facts of the first degree child molestation charges that [petitioner] was acquitted of[,]" thereby depriving him "of his liberty without due process."

Fatal to petitioner's challenge, however, is the fact that he did not raise this argument before the magistrate, and failed to provide any meaningful legal argument to the Superior Court demonstrating that the board's actions implicated his fundamental rights. At the hearing before the magistrate, petitioner, although carefully advised of his right to present additional evidence, rested on the papers submitted by counsel. Moreover, our review of the record reveals that, when petitioner sought review of the magistrate's decision, it was the Superior Court justice, not petitioner, who raised the hearsay arguments in her written decision. Thus, we need not address this constitutional challenge because it is clear to us that petitioner has failed to preserve the issue for appellate review. *See McKenna v. Guglietta*, 185 A.3d 1248, 1251 (R.I. 2018) (concluding that an applicant for postconviction relief lost the opportunity to challenge a magistrate's constitutional authority by failing to raise the argument in the original proceeding before that magistrate); *see also Gordon v. State*, 18 A.3d 467, 474 (R.I. 2011) (same).

We pause to observe, however, that, even if petitioner's contention was properly preserved for appellate review, it is without merit. In *Germane*, this Court held that the act "burdens a protectible liberty interest" and implicates procedural due-process rights, and thus determined that "*all* sexual offenders who opt to appeal their risk level classifications as determined by the board of review must be afforded an opportunity to be heard before the Superior Court"; and "such hearings must be *meaningful*." *Germane*, 971 A.2d at 578, 580. In *Germane*, we concluded that the defendant, having been afforded the opportunity to testify, call witnesses to the stand, and submit various exhibits, was provided a meaningful hearing in the Superior Court, and, thus, was not deprived of his procedural due-process rights. *Id.* at 580, 593;

*see also State v. Dennis*, 29 A.3d 445, 450 (R.I. 2011) (holding that the defendant's right to procedural due process was not violated because the defendant, having been granted the opportunity to develop his arguments and present further evidence before the Superior Court, was afforded a "meaningful hearing").

The record before us discloses that, although the magistrate, on multiple occasions, informed petitioner of his right to present additional evidence, and expressly asked petitioner whether he intended to raise any additional arguments, petitioner nonetheless elected to proceed before the magistrate on the basis of written memoranda and oral argument. Moreover, when petitioner appealed the magistrate's decision, he was given an additional opportunity to present evidence challenging his classification; he was afforded a second hearing before a Superior Court justice, at which he testified and submitted more evidence. At the conclusion of the hearing, petitioner's counsel thanked the trial justice: "I would like to thank you for what I consider a meaningful hearing, Judge." We therefore are satisfied that petitioner was afforded a meaningful hearing and has failed to demonstrate that his right to procedural due process was violated.

Turning to petitioner's contentions regarding the board's consideration of the facts underlying the first-degree child molestation sexual assault charges filed against him, this argument lacks merit. The General Assembly specifically delineated the records the board is entitled to consider in making its risk determination. Section 11-37.1-12(b)(5) makes clear that the board may review, among other relevant information and records, police reports and records of prior proceedings.[5] Additionally, although petitioner asserts that "the [b]oard's reliance on

---

[5] General Laws 1956 § 11-37.1-12(b)(5) provides:

these facts amounted to their reliance on impermissible hearsay evidence[,]" the act itself provides that, "the rules of evidence shall not apply and the court may rely on documentary presentations, including expert opinion on all issues." Section 11-37.1-15(b). Moreover, we disagree with petitioner's assertion that the board's decision to place petitioner at a higher risk level was "based solely upon underlying facts of the first degree child molestation charges[.]" Looking at the full extent of the material the board set forth as having reviewed—including petitioner's failure to participate in sex-offender treatment programs and his denial of the underlying offense—the record satisfies us that the board considered numerous factors in making its determination.

We briefly call attention to the exception to the raise-or-waive rule "when an alleged error implicates an issue of a constitutional nature and is 'derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial.'" *Dennis*, 29 A.3d at 449-50 (quoting *State v. Bouffard*, 945 A.2d 305, 312 (R.I. 2008)). In light of *Dennis* and *Germane*,

"Notwithstanding any other provision of law, the sex offender review board shall have access to all relevant records and information in the possession of any state official or agency having a duty under § 11-37.1-5(a)(1) through (6) relating to juvenile and adult offenders under review by the sex offender review board, including, but not limited to, police reports, prosecutors statements of probable cause, pre-sentence investigations and reports, complete judgments and sentences, current classification referrals, juvenile and adult criminal history records, violation and disciplinary reports, all psychological evaluations and psychiatric evaluations, psychiatric hospital records, sex offender evaluations and treatment reports, substance abuse evaluations and treatment reports to the extent allowed by federal law. Records and information obtained by the sex offender review board under this subsection shall remain confidential, provided that the parole board may disclose the records and information to the board of review, the sentencing court, and/or law enforcement agencies in accordance with the provisions of this chapter."

both of which address the exact argument now raised by petitioner, we are satisfied that this exception does not apply.

## II

### Presumption of Innocence and the Double Jeopardy Clause

Lastly, we address petitioner's additional appellate contentions—namely, that his constitutional rights to the presumption of innocence and against double jeopardy were violated because, as previously alleged, the board, when determining petitioner's sex-offender risk level, relied on allegations for which petitioner was acquitted. In accordance with our well-settled "raise-or-waive" doctrine, we deem these issues waived. *See State v. Carpio*, 43 A.3d 1, 8 (R.I. 2012).

Furthermore, the petitioner's contentions relating to the presumption of innocence and double jeopardy are misplaced because these are trial rights that are implicated in the context of criminal proceedings. As this Court has recognized, "the presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *State v. Snell*, 892 A.2d 108, 115 (R.I. 2006) (brackets omitted) (quoting *Estelle v. Williams*, 425 U.S. 501, 503 (1976)). Sex-offender registration is a civil regulatory process for those convicted of sexual offenses; the board's actions were not in the context of a criminal trial and did not implicate the petitioner's right to a fair trial. *See Germane*, 971 A.2d at 593; *In re Richard A.*, 946 A.2d 204, 212-13 (R.I. 2008). The petitioner's double-jeopardy argument is similarly misplaced. "The Double Jeopardy Clause protects an accused from being 'twice put in jeopardy,' a term that has been construed as protecting a criminal defendant from multiple trials for the same offense[.]" *State v. Marsich*, 10 A.3d 435, 442 (R.I. 2010) (quoting *Missouri v. Hunter*, 459 U.S. 359, 365 (1983)). As such, because sex-offender

- 10 -

registration does not constitute criminal punishment, the petitioner's classification does not violate the Double Jeopardy Clause.

## Conclusion

For the reasons set forth in this opinion, the judgment of the Superior Court is affirmed. The record shall be remanded to the Superior Court.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Richard DiCarlo v. State of Rhode Island. |
| **Case Number** | No. 2016-119-Appeal. <br> (PM 13-5062) |
| **Date Opinion Filed** | June 21, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Patricia A. Hurst |
| **Attorney(s) on Appeal** | For Petitioner: <br><br> Stefanie DiMaio-Larivee, Esq. |
| | For State of Rhode Island: <br><br> Christopher R. Bush <br> Department of Attorney General |