January 25, 2022

**Supreme Court**

No. 2020-23-Appeal.
(PM 18-2195)

Glen Matteson        :

v.        :

Rhode Island Department of    :
   Attorney General.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Glen Matteson      :

v.      :

Rhode Island Department of      :
Attorney General.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**  This case came before the Supreme Court on December 1, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The petitioner, Glen Matteson (petitioner or Matteson), appeals from a Superior Court judgment in favor of the respondent, the Rhode Island Department of the Attorney General (the state), upholding a determination by the Sex Offender Board of Review (the board) classifying him as a Risk Level III sex offender under G.L. 1956 chapter 37.1 of title 11, the Sexual Offender Registration and Community Notification Act (the act).

On appeal, petitioner contends that his classification pursuant to the act was improper because, in his view, the board "unreasonably and arbitrarily overstate[d] his risk level" and erred in failing to disclose what material it utilized beyond the

risk-assessment tools to establish his level of risk. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Travel**

On November 20, 2012, petitioner pled guilty in the United States District Court for the District of Rhode Island to three felony counts of distributing, receiving, and possessing child pornography, in violation of federal law. He was sentenced on February 15, 2013, to sixty months' imprisonment and ten years' supervised release. Less than one month later, petitioner pled nolo contendere in the Superior Court to one count of indecent solicitation of a minor. A Superior Court justice sentenced him to five years' imprisonment at the Adult Correctional Institutions, the entirety of which was suspended, with probation.

All of the charges against petitioner stemmed from an investigation conducted by the Richmond Police Department. According to the record transmitted to this Court on appeal, in February 2012 the police received information that Matteson was sending sexually graphic text messages to a fifteen-year-old male who was a member of a soccer team that Matteson coached. Posing as the minor, a Richmond police detective began communicating with Matteson. According to the police

narrative, during these conversations Matteson "repeatedly requested nude photos of the 15 year old boy and arranged to pick him up at his house and take him to a private location." The police executed a search warrant at Matteson's house and searched his work computer, with the consent of his employer. Forensic examination of all Matteson's devices revealed that he possessed, distributed, and/or received 898 images of child pornography and seventy-three videos of child pornography, "including numerous depictions of sadistic and masochistic conduct and children who appear as young as 5 years old."

The petitioner was released from federal custody on July 17, 2017, and the terms of his state probation expired on March 10, 2018. Pursuant to the act, Matteson was required to register as a sex offender and undergo a risk assessment to determine his community notification level. *See* § 11-37.1-3(a) (requiring registration of persons "convicted of a criminal offense against a victim who is a minor"); § 11-37.1-6(1)(c) (requiring those persons who have a duty to register pursuant to § 11-37.1-3 to be referred to the board "for a determination as to the level of risk an offender poses to the community"). In determining petitioner's risk-level classification, the board reviewed relevant records, including petitioner's August 24, 2017 interview with a member of the Sex Offender Community Notification Unit of the Rhode Island Parole Board and police reports. The board also considered the results of three validated risk-assessment tools—*viz.*, the Static-99R, the Static

2002R, and the Stable 2007.[1]  The scores from these risk-assessment tools placed petitioner in the average or low risk-to-reoffend categories.  The board ultimately classified Matteson as a high-risk Level III offender.

The petitioner objected to the Level III classification and requested judicial review of the board's determination in Providence County Superior Court.[2]  Counsel was appointed to represent petitioner.  Matteson maintained in his memorandum in support of his request that the board "has a vendetta against him because he was employed by the [s]tate at the time of his crimes[,]" and that the board had "inappropriately and unfairly assessed his risk level[.]"

On November 20, 2018, oral arguments on petitioner's request were heard before a Superior Court magistrate.  In advance of the hearing, petitioner submitted a memorandum of law, treatment records from The Counseling and Psychotherapy Center, Inc., and an initial psychiatric assessment from The Kent Center.  Three weeks later, on December 11, 2018, the magistrate rendered a bench decision.

---

[1] This Court has previously noted that the Static-99R, the Static 2002, and the Stable 2007 "are recognized as validated risk-assessment tools[.]" *DiCarlo v. State*, 212 A.3d 1191, 1193 (R.I. 2019).  The petitioner does not dispute this.

[2] The record of this case reveals that the Superior Court action was initiated when the state filed a letter of appeal that had been sent by petitioner to the court but did not include a case number.  Therefore, Matteson was originally designated as the respondent—a designation that was changed by the Superior Court in November 2019.

In his decision, the magistrate reviewed the evidence considered by the board in determining petitioner's risk of re-offense, including the results of the three validated assessment tools, the details of the specific crimes for which petitioner was convicted, the degree of sexual intrusion, and sex offender specific treatment. The magistrate also recognized the evidence presented by petitioner that weighed in his favor, including his lack of prior criminal record, compliance with probation, and strong stability factors. However, the magistrate noted that "the relatively large number of pornographic images as well as [petitioner's] position of authority as coach of the youth who he solicited * * * weighed against [p]etitioner * * *." The magistrate explicitly rejected petitioner's argument that he was classified as a Level III offender due to his previous employment with the state, indicating that "[t]he record is completely absent of any indication of that[.]"

Accordingly, the magistrate found that, based on the record of the board and materials submitted by petitioner, Matteson failed to prove by a preponderance of the evidence that the risk level classification was not in compliance with the act. An order entered affirming the board's decision and classifying petitioner as a Risk Level III offender.

The petitioner appealed the magistrate's decision to a justice of the Superior Court. The Superior Court justice issued a fifteen-page written decision on December 5, 2019, denying petitioner's appeal and affirming the decision of the

-5-

magistrate. In her decision, the Superior Court justice noted that the board "is obligated to consider factors beyond the risk assessment results," and she found that both the magistrate and the board appropriately did so. The petitioner prematurely filed a notice of appeal on December 26, 2019.[3]

## Standard of Review

"[F]inal orders of the Superior Court entered in a proceeding to review an order of a magistrate may be appealed to the Supreme Court." *DiCarlo v. State*, 212 A.3d 1191, 1195 (R.I. 2019) (quoting *State v. Rosenbaum*, 114 A.3d 76, 80 (R.I. 2015)) (citing G.L. 1956 §§ 8-2-11.1(e) and 8-2-39(f)). We "will not disturb the factual determinations of the Superior Court justice unless he or she made clearly erroneous findings or misconceived or overlooked material evidence." *Id.* (quoting *Rosenbaum*, 114 A.3d at 80). Findings of fact made by the Superior Court justice are entitled to great weight. *Id.* However, questions of law are reviewed *de novo*. *Id.*

## Discussion

Pursuant to the act, the state bears the burden of establishing a prima facie case before the Superior Court that the board's decision to classify petitioner as a Level III sex offender was justified. Section 11-37.1-16(e); *see State v. Dennis*, 29

---

[3] The petitioner filed his notice of appeal after the order affirming the magistrate's decision was entered but before a separate final judgment was entered on February 19, 2020. Although petitioner's notice of appeal was premature, it was nevertheless valid. *See Otero v. State*, 996 A.2d 667, 670 n.3 (R.I. 2010) (concluding that a premature appeal was "valid because final judgment was entered thereafter").

A.3d 445, 449 (R.I. 2011).[4] After the state presents a prima facie case, the Superior Court "shall affirm the determination of the level and nature of the community notification, unless it is persuaded by a preponderance of the evidence that the determination * * * is not in compliance with" the act. Section 11-37.1-16(c). Before this Court, petitioner does not dispute that the state satisfied its burden of establishing a prima facie case. Rather, petitioner contends that the board's classification is not in compliance with the act.

Specifically, petitioner argues that the board "acted unreasonably and arbitrarily" because the risk assessment scores had placed him in an average or low risk category and the board nonetheless classified him as a high-risk Level III offender. Additionally, although petitioner concedes that the board is authorized to use materials beyond the assessment tools in determining the level of notification, he argues that the board "must disclose specifically what other material was utilized in leveling" him.

Here, the record reflects that the board considered the results of three validated assessment tools "as well as other available documentation" to determine the level of risk petitioner posed to the community. Despite petitioner's contention,

---

[4] The act "defines 'prima facie case' as proof that '(1) A validated risk assessment tool has been used to determine the risk of re-offense; and (2) Reasonable means have been used to collect the information used in the validated assessment tool.'" *State v. Dennis*, 29 A.3d 445, 449 (R.I. 2011) (brackets omitted) (quoting G.L. 1956 § 11-37.1-16(b)).

the board did specifically disclose in its Risk Assessment Report dated December 17, 2017, that the other available documentation it utilized in leveling him included "criminal record, police report(s), Offender's statements (or intentional refusal to give a statement), institutional record, probation and parole supervision, treatment information and response to treatment[]." This accords with the board's statutory duty to timely "conduct the validated risk assessment, review other material provided * * * and assign a risk of re-offense level to the offender." Section 11-37.1-6(2)(i). Indeed, this Court has concluded that the plain language of the act "suggests that a sexual offender assessment should not take place in a vacuum or solely rest on the results of the risk assessment tools." *Dennis*, 29 A.3d at 451.

Although the results of the Static-99R, the Static 2002R, and the Stable 2007 placed petitioner in the average or low risk-to-reoffend categories, the board noted that, because the scores were "actuarial estimates[,]" the board would use its "professional judgment * * * in assessing * * * this Offender[.]" *See State v. Germane*, 971 A.2d 555, 585 (R.I. 2009) (noting that, because the Static-99 is only "a predictive tool[,]" it is "reasonable [and] in accordance with the express recommendation of the" test creators to consider "other external factors"). In the risk-assessment report, the board detailed additional external factors it considered in elevating petitioner to a high-risk sex offender level, including that petitioner exploited his position of authority as a high school soccer coach by "targeting

teenage males[.]" The board noted that the fifteen-year-old male to whom Matteson sent sexually inappropriate messages was one of the athletes he had coached. The messaging spanned a period of several months and initially concerned soccer, but eventually "progress[ed] into inappropriate dialogue referring to sexual acts."

Other factors the board considered were that Matteson possessed over 970 images and videos of child pornography, "including numerous depictions of sadistic and masochistic conduct and children who appear as young as 5 years old" and that he denied and/or did not accept responsibility for some of his actions. We again emphasize that the board is obligated to base its classification of an offender on the results of objective risk-assessment tool(s) *and* external factors collected from additional materials and documentation. *See Dennis*, 29 A.3d at 451, 452; § 11-37.1-6(2)(i). That is exactly what the board did in this case.

Accordingly, we conclude that the Superior Court justice properly found that competent evidence existed to support the magistrate's decision affirming the board's assessment. The petitioner has failed to show by a preponderance of the evidence that the board's classification of him as a Level III offender was not in compliance with the law.

### Conclusion

For the reasons set forth in this opinion, the judgment of the Superior Court is affirmed. The record in this case may be returned to the Superior Court.

-9-



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Glen Matteson v. Rhode Island Department of Attorney General. |
| **Case Number** | No. 2020-23-Appeal. (PM 18-2195) |
| **Date Opinion Filed** | January 25, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Michael S. Pezzullo, Esq. |
| | For State:<br><br>Christopher R. Bush<br>Department of Attorney General |