April 4, 2023

State                    :

v.                     :

Cesare Decredico.              :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                              :

v.                               :

Cesare Decredico.                    :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.**  The petitioner, Cesare Decredico (petitioner or

Mr. Decredico), appeals from a final judgment of the Superior Court in favor of the

respondent, the State of Rhode Island (respondent or the state), which affirms a

determination by the Rhode Island Sex Offender Board of Review (board) that Mr.

Decredico poses a level II, moderate risk of reoffense.[1]  On appeal, Mr. Decredico

argues that the trial justice erred in accepting the decision of the Superior Court

magistrate determining: (1) that the board used a validated risk-assessment tool for

noncontact offenders in deciding that he poses a level II risk to reoffend, and (2) that

---

[1] The record reveals that Mr. Decredico filed an objection to the determination of his classification level and sought review before a Superior Court magistrate, but the state initiated the petition in the Superior Court by filing a motion to affirm the board's decision.  We refer to Mr. Decredico as the petitioner to remain consistent with the Superior Court magistrate's decision and order.

the board used reasonable means to collect the information used in the STABLE-2007 risk-assessment tool. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court and remand for further proceedings consistent with this opinion.

**Facts and Procedural History**

The record in this matter reveals the following undisputed facts. On April 28, 2015, Mr. Decredico pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) in the United States District Court for the District of Rhode Island. The court sentenced him to a prison term of twelve months and one day, followed by five years of supervised release. Following his release from incarceration, the board interviewed Mr. Decredico and assessed his risk to reoffend using the STABLE-2007, a risk-assessment tool used to assess recidivism risks in adult male sex offenders.

The developers of the STABLE-2007 designed it to evaluate and monitor changes in risk by reviewing "negative social influences, intimacy deficits, problems with self-regulation, attitudes tolerant of sexual crimes, lack of cooperation with supervision, and problems with general self-regulation." Generally, when an individual receives a low score on the STABLE-2007, the results indicate that an offender poses a lesser risk to reoffend. Mr. Decredico scored four points out of twenty-six on the STABLE-2007, thereby placing him in the moderate risk category.

The board ultimately determined that Mr. Decredico posed a moderate risk to reoffend and issued a risk-assessment report (report) recommending a level II risk classification. The report justified its recommendation based on several sources. It considered Mr. Decredico's STABLE-2007 score, statements or any intentional refusal to provide statements, and his institutional record. The report also contemplated police reports, probation and parole supervision information, treatment information, Mr. Decredico's conviction, and the facts underlying the offense.

Regarding the offense itself, the report noted that the investigation leading to Mr. Decredico's conviction uncovered that he possessed a large amount of child pornography of an extremely graphic nature. Specifically, the report detailed that the investigation uncovered over 2,600 images and 375 videos of child pornography in Mr. Decredico's possession, including content depicting sexual acts involving toddlers as well as bestiality. The report also documented Mr. Decredico's lack of a history of sexual aggression, prior criminal record, or known history of substance abuse. Further, the report considered his mental health history and sex offender treatment. Finally, the report discussed his familial support and lack of children in addition to his employment history and compliance with probation.

The board notified Mr. Decredico of its classification decision and informed him of his obligation to register as a level II offender. Mr. Decredico filed a timely

appeal of the board's determination before a Superior Court magistrate, arguing that the board (1) improperly relied on the STABLE-2007 in determining his risk level, and (2) failed to document a factual basis for scoring his problem-solving skills. Ultimately, the magistrate found that Mr. Decredico was granted a meaningful hearing and affirmed the board's classification. In his decision, the magistrate noted that the board based its classification on several factors including those listed in Mr. Decredico's risk-assessment report, his STABLE-2007 scores, and both the quantity and graphic nature of the pornography in his possession.

Mr. Decredico thereafter appealed the magistrate's decision to a justice of the Superior Court; the trial justice conducted a *de novo* review of the magistrate's proceedings pursuant to G.L. 1956 § 8-2-39.2(j) and Superior Court Rule of Practice 2.9(h), and issued a written decision accepting the magistrate's decision. Before the trial justice, Mr. Decredico reasserted his arguments that the board improperly relied on the STABLE-2007 in making its risk determination and that the board failed to use reasonable means to gather the information used in the STABLE-2007.

More specifically, Mr. Decredico argued that the coding manual for the STABLE-2007 states that it should not be used to estimate recidivism rates or to assign nominal risk categories for noncontact offenders. Mr. Decredico also argued that, inconsistent with the coding manual, the board failed to provide an adequate factual basis for its scoring determination in the "poor problem-solving skills"

section of the STABLE-2007 and thereby erroneously allocated one point for that category.

In response, the state argued that the STABLE-2007 qualifies as a valid risk-assessment tool in Rhode Island and that the board permissibly uses it to determine the risk levels for noncontact offenders. With respect to noncontact offenders, the state also argued that the STABLE-2007's coding manual states that it can be used for both therapeutic and counseling purposes. Additionally, the state argued that the board employs a comprehensive approach in making this determination and that it can rely on factors outside of the STABLE-2007.

The trial justice found that G.L. 1956 § 11-37.1-16 of the Sexual Offender Registration and Community Notification Act (the act) requires the board to use a validated risk-assessment tool, but does not prevent the board from considering other factors in reaching its risk determination. To support her conclusion, the trial justice noted that both the act and the board's guidelines contain mandatory language directing the board to consider both actuarial test scores like the STABLE-2007 and outside information. Further, the trial justice found that the STABLE-2007 comprises one factor in the board's overall risk-determination analysis and, as long as the test is valid for some discrete purpose, the board may rely on it to reach a valid determination.

The Superior Court also rejected Mr. Decredico's argument that the board misallocated a point on the STABLE-2007 for a lack of problem-solving skills. The trial justice found that Mr. Decredico's argument failed to demonstrate that the board employed unreasonable means to collect the information used in the STABLE-2007, as mandated by § 11-37.1-16(b)(2). The trial justice also considered the range of information the board relied on in making its determination and found that it used reasonable means to collect this information. Moreover, the trial justice noted Mr. Decredico's failure to demonstrate that the board acted unreasonably in its collection of the information.

Following the trial justice's decision, Mr. Decredico filed a timely notice of appeal to this Court. We consider whether the trial justice erred in accepting the decision of the magistrate that affirmed the board's classification of Mr. Decredico, a noncontact offender, at a level II risk to reoffend.

**Standard of Review**

General Laws 1956 §§ 8-2-11.1(e) and 8-2-39(f) provide this Court with the authority to review final Superior Court decisions reviewing orders of magistrate proceedings. *See DiCarlo v. State*, 212 A.3d 1191, 1195 (R.I. 2019) (quoting *State v. Rosenbaum*, 114 A.3d 76, 80 (R.I. 2015)). On appeal, this Court will not disturb the factual findings of the trial justice unless she or he made clearly erroneous

findings or misconceived or otherwise overlooked material evidence. *See id.* However, this Court uses a *de novo* standard when reviewing questions of law. *Id.*

**Discussion**

Mr. Decredico argues that the trial justice erred in finding that the state presented a prima facie case sufficient to justify the board's determination that he poses a level II, moderate risk to reoffend, because (1) the STABLE-2007 does not qualify as a validated risk-assessment tool for exclusively noncontact offenders, and (2) the board did not use reasonable means to collect the information used in the STABLE-2007. We agree.

Section 11-37.1-16 of the Sexual Offender Registration and Community Notification Act provides the following in relevant part:

> **"11-37.1-16. Application review — Burden of production and persuasion.**
>
> "(a) In any proceeding under this chapter, the state shall have the burden of going forward, which burden shall be satisfied by the presentation of a prima facie case that justifies the proposed level of and manner of notification.
>
> "(b) For purposes of this section, 'prima facie case' means:
>
> > "(1) A validated risk assessment tool has been used to determine the risk of re-offense;
> >
> > "(2) Reasonable means have been used to collect the information used in the validated assessment tool.
>
> "(c) Upon presentation of a prima facie case, the court shall affirm the determination of the level and nature of the

community notification, unless it is persuaded by a preponderance of the evidence that the determination on either the level of notification of the manner in which it is proposed to be accomplished is not in compliance with this chapter or the guidelines adopted pursuant to this chapter."

Section 11-37.1-16(a) establishes that, in proceedings to review board classification decisions, the state has a burden to produce evidence that supports the risk-level determination, as well as to persuade the court of the soundness and sufficiency of the evidence presented. *See* § 11-37.1-16(a). Section 11-37.1-16(b) outlines what suffices to establish a prima facie case creating a rebuttable presumption in support of the board's decision.[2] Section 11-37.1-16(b). Specifically, the state may meet this burden by showing that the board used a validated risk-assessment tool to determine an individual's risk of reoffense and by further showing that the board used reasonable means to collect the information used in the risk-assessment tool itself. *Id*. If the state satisfies its burden, the court must affirm the board's determination unless it concludes that the board's determination violates the statutory scheme or related guidelines. Section 11-37.1-16(c).

Our examination of the record in this case reveals that the evidence presented by the state was not sufficient to support the board's moderate risk classification. Not only does the STABLE-2007's coding manual disclose that it is not a validated

---

[2] Black's Law Dictionary defines prima facie as something that is "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted." Black's Law Dictionary 1441 (11th ed. 2019).

risk-assessment tool for noncontact offenders, but it is also not clear from the record that the means used to collect and score Mr. Decredico's problem-solving skills were reasonable in light of the guidance provided in the coding manual.

## STABLE-2007

Although the statute does not define a "validated risk assessment tool," the plain language of the STABLE-2007 coding manual provides guidance on the intended use for the STABLE-2007, as well as its limitations. The coding manual states that the test has been validated only for adult male sex offenders with one identifiable victim, also known as Category A, primarily contact offenders. By contrast, for other offenders, the manual states that the "STABLE-2007 should only be used as a clinical guide to identifying treatment needs and supervision targets. It should not be used to estimate recidivism rates or to assign nominal risk categories (e.g., low/moderate/high risk)." In fact, the manual further advises that evaluators should clearly indicate that the "STABLE-2007 has *not* been validated for the offender at-hand if the offender is not an adult male with a Category 'A' sexual offence somewhere on his record." (Emphasis added.)

In her decision, the trial justice found that the STABLE-2007 serves as a valid risk-assessment tool for measuring both the treatment needs and supervision targets of noncontact offenders and that this alone qualifies it as a validated risk-assessment tool under § 11-37.1-16(b)(1). This finding overlooks the plain language of the

STABLE-2007 coding manual and the limitations on its use for offenders like Mr. Decredico. It is undisputed that he pled guilty to one count of possession of child pornography; and further, that the investigation revealed that he had a copious amount of graphic and offensive images in his possession. His crime was, without a doubt, serious and disturbing. However, it was not a Category A sexual offense, and the STABLE-2007 has not been validated for noncontact offenders such as Mr. Decredico.

The state nevertheless points to this Court's prior characterization of the STABLE-2007 as a validated risk-assessment tool in *DiCarlo v. State*, 212 A.3d 1191 (R.I. 2019), and urges this Court to uphold the trial court's determination that the state met its evidentiary burden in this case. *See DiCarlo*, 212 A.3d at 1193. However, we do not read our description of the STABLE-2007 in *DiCarlo* as broadly as the state would have us do so here. Critically, the petitioner in *DiCarlo* was convicted of three counts of second-degree child molestation sexual assault. *Id*. Child molestation, as opposed to possession of child pornography, is categorized as a contact offense. We therefore decline the state's invitation to read *DiCarlo* as a wholesale approval of the STABLE-2007's validity for all offenders.

The state additionally focuses on Mr. Decredico's failure to identify an alternative test, but this also misses the mark. The state bears the burden of production and persuasion under § 11-37.1-16. As in any adversarial proceeding to

- 10 -

which the state is a party, it is the state's obligation, in the first instance, to evaluate the weight and sufficiency of the evidence that it believes supports its case. In proceedings to review board classification decisions, that means that the state must consider the weight and sufficiency of evidence justifying the proposed classification level.[3] Upon introducing that evidence, the state must attempt to persuade the decision-maker accordingly. It is only once *the state* successfully meets this burden that the court may affirm the board's determination.

**Reasonable Means**

With respect to the means used to collect the information used in the STABLE-2007, the coding manual provides extensive guidance regarding how to gather information relevant to assessing and scoring an individual's problem-solving skills. Specifically, the coding manual suggests that evaluators ask questions directed toward how an offender solves problems across multiple domains such as work, family, financial, social, recreational, and health. When scoring problem-solving skills, evaluators should consider how an offender identifies problems, generates and analyzes possible solutions, chooses a course of action, and reviews

---

[3] *See* R. Karl Hanson, *What Do We Know About Sex Offender Risk Assessment?*, 4 Psych. Pub. Pol'y & L. 50, 53 (1998) ("[T]he research on actuarial measures for sexual offense recidivism has yet to demonstrate a clear superiority to the best clinical assessment methods. * * * As research advances, actuarial measures will surpass clinical assessments in their ability to predict sexual recidivism, but until such superiority has been demonstrated, carefully conducted clinical assessment can still provide useful information, especially to guide intervention.").

outcomes. The STABLE-2007 tally sheet at issue in this case gives no indication of what information the board collected or relied upon in allocating one point to Mr. Decredico's problem-solving skills. The explanatory note on the tally sheet simply states, "[s]ome poorly considered decisions but open to correction when difficulties are pointed out."

This conclusory explanatory note parrots the language of the scoring rubric without providing a factual basis for the additional point allocated. There is nothing stated to support a finding that the board engaged in any dialogue with Mr. Decredico about how he has identified past problems; generated and analyzed possible solutions; chosen his course of action; and reviewed outcomes in decision-making. There is also nothing to suggest what his poorly considered decisions were, or how the board decided that he is open to correction.

We reject the state's contention that this Court may accept the board's determination because, as in *State v. Dennis*, 29 A.3d 445 (R.I. 2011), "it nevertheless properly relied upon a range of materials to formulate its decision." *Dennis*, 29 A.3d at 452. It is critically important for the board to conduct thorough fact-finding and to document its findings transparently. As we discussed in *State v. Germane*, 971 A.2d 555 (R.I. 2009), the state's classification of sex offenders burdens a liberty interest implicating the right to procedural due process. *Germane*, 971 A.2d at 578. Given the serious and long-lasting implications of registering as a

sex offender, the board's determination must have a basis in a well-supported assessment of the offender's risk to reoffend.

Accordingly, we conclude that the trial justice erred in upholding the magistrate's decision that affirmed the board's classification of Mr. Decredico at a level II risk to reoffend. The determination that the evidence in the record justifies the proposed level of and manner of notification was clearly erroneous. It overlooks the plain language of the STABLE-2007 coding manual, both with regard to its limitations for use with noncontact offenders, as well as its guidance concerning the collection of information relevant to assessing and scoring an individual's problem-solving skills.

## Conclusion

Based on the foregoing, we vacate the judgment of the Superior Court and remand the record to the Superior Court with instructions that it remand this matter to the board for a new determination of the level of and manner of Mr. Decredico's risk in accordance with this decision.



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Cesare Decredico. |
| **Case Number** | No. 2021-138-Appeal.<br>(PM 18-2467) |
| **Date Opinion Filed** | April 4, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Brett V. Beaubien, Esq. |
| | For Respondent:<br><br>Christopher R. Bush<br>Department of Attorney General |